**UNITED DISTILLERS PRODUCTS CORP., AMSTON, CONNECTICUT**

v.

**H. L. HENNEBERRY, Assistant Regional Commissioner Alcohol & Tobacco Tax, Boston, Massachusetts.**

Civ. A. No. 55–189.

United States District Court
D. Massachusetts.

Oct. 19, 1955.

**38**

———◆———

Bernard S. Greenfield, Boston, Mass., Samuel Rosenthal, Hartford, Conn., for plaintiff.

Anthony Julian, U. S. Atty., William J. Koen, Asst. U. S. Atty., Boston, Mass., Daniel M. Friedman, Sp. Asst. to Atty. Gen., for defendant.

FORD, District Judge.

Plaintiff in this action seeks an order requiring the defendant to return seven basic Federal Alcohol Administration permits previously handed over to defendant. Defendant moves for summary judgment.

In 1950 plaintiff was carrying on its business under these permits which had been issued to it on various dates from 1937 through 1941. On August 9, 1950 plaintiff informed defendant that 98 shares (out of a total of 100 outstanding shares) previously standing on its books in the name of Mrs. Ruth Semel had been transferred on those books to the name of N. Tully Semel (her husband). On August 18, 1950 defendant wrote plaintiff that this stock transfer constituted a change in the control of plaintiff corporation as a result of which these permits would be automatically terminated. He requested return of the permits and supplied forms for application for new basic permits. Plaintiff turned over the permits and duly filed application for new permits within the 30-day statutory period, so that the old permits are still effective to allow it to carry on business pending final action on

its application for new permits. 27 U.S. C.A. § 204(g).[1]

Plaintiff's application for new basic permits was filed on August 28, 1950. On November 15, 1951, after investigation, defendant notified plaintiff of his contemplated disapproval of the application. On November 20, 1951 plaintiff asked for a hearing, which was granted. After lengthy hearing, ending on October 16, 1952, the trial examiner on May 28, 1954 filed a recommended decision in which he concluded that eight of the government's sixteen charges against plaintiff had been sustained, and recommended denial of the application. On September 13, 1954 defendant approved the examiner's recommendations and entered an order disapproving the application for new basic permits on the ground that plaintiff, by reason of its business experience, financial standing, or trade connections, was not likely to maintain its operations in conformity with federal law.

On October 25, 1954 plaintiff filed a petition for review of this order in the Court of Appeals for the District of Columbia Circuit. On March 9, 1955 plaintiff brought its present action in this court for the return of its old permits. On March 22, 1955, upon motion of the plaintiff, the Court of Appeals for the District of Columbia Circuit postponed further proceedings on the petition there pending until after the handing down of this court's decision in the present action.

Plaintiff's contention here is that while the 98 shares of stock involved in the 1950 transfer had been issued to Mrs. Semel and stood in her name on the books of the corporation, Mr. Semel had

---

1. "(g) *Duration.* A basic permit shall continue in effect until suspended, revoked, or annulled as provided herein, or voluntarily surrendered; except that (1) if leased, sold or otherwise voluntarily transferred, the permit shall be automatically terminated thereupon, and (2) if transferred by operation of law or if actual or legal control of the permittee is acquired, directly or indirectly, whether by stock-ownership or in any other manner, by any person, then such permit shall be automatically terminated at the expiration of thirty days thereafter: *Provided,* That if within such thirty-day period application for a new basic permit is made by the transferee or permittee, respectively, *then the outstanding basic permit shall continue in effect until such application is finally acted on by the Secretary of the Treasury."

always been the beneficial owner of the shares, and held the certificates for them endorsed in blank by Mrs. Semel. Hence, it is argued that the transfer of the shares to his name on the books of the corporation involved no real change of ownership by which the old permits could be terminated, and these permits are still valid and should be returned to him.

Defendant's position is that the 1950 stock transfer amounted to an acquisition by Semel from his wife of the legal, if not the actual, control of the plaintiff, so that the old basic permits have been terminated except in so far as they remain effective pending final action on the application for new permits. Defendant further contends that plaintiff apparently acquiesced in the view that the old permits had terminated by turning them over on request and filing its application for new permits. While Semel had expressed at various times his view that the old permits had not terminated and has requested their return, plaintiff took no proceeding to compel their return until it brought the present action almost five years after they had originally been handed over, and after much time, effort, and expense had been consumed by the lengthy proceedings on its application for new permits. Hence, it is contended that plaintiff should be barred by laches.

The first question to be decided is whether this court has any jurisdiction to grant the relief which plaintiff seeks. Of course, if the defendant is right in his interpretation, the old permits have been terminated by the transfer of the stock of the corporation in 1950. Nothing can be done by this court to aid plaintiff and its only hope of continuing in business lies in a successful termination of proceedings in its application for new permits.

If defendant was wrong in his interpretation of the effect of the 1950 stock transfer, then the letter to plaintiff erroneously informing it that its basic permits had automatically terminated, even though not so designated, constituted an order "suspending, revoking, or annulling" the basic permits. Mid-Valley Distilling Corp. v. De Carlo, 3 Cir., 161 F.2d 485, 490. Under 27 U.S.C.A. § 204(h) [2] review of such an order may be had by petition to the proper Court of Appeals, which acquires exclusive jurisdiction to affirm, modify or set aside such order. The order is not reviewable by the District Court. Whatever may be the merits of plaintiff's contention that it was wrongfully forced to turn over its permits to defendant or that they are being wrongfully withheld from it, this court has no jurisdiction to decide the controversy.

Defendant's motion for summary judgment granted and the complaint is dismissed.

2. "(h) Appeal; procedure. An appeal may be taken by the permittee or applicant for a permit from any order of the Secretary of the Treasury denying an application for, or suspending, revoking, or annulling, a basic permit. Such appeal shall be taken by filing, in the circuit court of appeals of the United States within any circuit wherein such person resides or has his principal place of business, or in the United States Court of Appeals for the District of Columbia, within sixty days after the entry of such order, a written petition praying that the order of the Secretary be modified or set aside in whole or in part. A copy of such petition shall be forthwith served upon the Secretary, or upon any officer designated by him for that purpose, and thereupon the Secretary shall certify and file in the court a transcript of the record upon which the order complained of was entered. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order, in whole or in part."